E. S. SMITH v. X. HICKSON.

157 So. 416.
Opinion Filed October 30, 1934.
Rehearing Denied November 23, 1934.

*Edgar W. Waybright,* for Plaintiff in Error;

*Julian Hartridge* and *John O. Jackson,* for Defendant in Error.

Buford, J.—Writ of error is to review judgment in favor of plaintiff for damages alleged to have been suffered by plaintiff as result of injuries inflicted by the negligent operation of defendant's automobile and trailer.

The count of the amended declaration on which trial was had as follows:

"And for a third count, plaintiff says that on or about the 22nd day of March, 1932, defendant was operating an automobile and trailer attached thereto, along the public highway in Volusia County, Florida, and that defendant by and through his agents, servants or employees, who, acting in the course of their employment, were then and there operating said automobile and trailer attached thereto, carelessly and negligently ran the said automobile and trailer upon and against plaintiff, whereby plaintiff was caught between said truck and trailer and painfully and permanently injured in and about his body and limbs, by reason whereof plaintiff has suffered great pain and anguish, and was thereby rendered incapable of performing his duties and service by him to be done and performed, and will so continue to be permanently, and plaintiff was obliged to lay out and spend large sums of money and incur obligation to pay large sums of money for medicine and for services of doctors, and in the treatment of his said injuries,

"Wherefore plaintiff brings this suit and claims $25,000.00 damages of the defendant."

To which there were two pleas, as follows:

"1.  That he is not guilty.

"6. And for a sixth plea to said amended declaration defendant says that the plaintiff was not injured through any negligence on the part of the defendant, but was injured solely through improperly detaching a trailer from the truck of the defendant and carelessly remaining between said trailer and truck until after said truck was put in motion, and it was not necessary for said plaintiff to expose himself to danger of injury by remaining between said truck and trailer until said truck was put in motion."

All other counts of the declaration and all other pleas were stricken.

Plaintiff in error's principal contention appears to be that the judgment should be reversed because it appears that plaintiff was in the employ of defendant and was engaged in the operation of defendant's truck and trailer when the injury occurred; that the injury occurred by the concurrent action of plaintiff and a fellow servant. Or that plaintiff was injured when he undertook to uncouple the trailer at the instance and request of the driver of the truck.

None of the pleadings presented any question except:

1st. Was the plaintiff injured by the operation of defendant's truck and trailer?

2nd. Was such injury caused by negligence in the operation of the truck and trailer?

3rd. If so, was plaintiff guilty of contributory negligence, or was his negligence the sole cause of the injury?

Those issues were determined adversely to the defendant.

From the evidence, we glean that plaintiff might have framed his declaration in such a manner as to be required to show that he was an employee of defendant engaged in the performance of duties incident to such employment and within the purview of the hazardous occupation statute in which event it would have been necessary to prove the

allegations of his declaration. W. B. Harbeson Lumber Co., v. Anderson, 102 Fla. 731, 136 Sou. 557. In such a case he would rely upon the existence of a peculiar and special duty flowing from defendant to him. In such case contributory negligence might operate only to reduce his quantum of damage, while in others it might bar recovery.

The declaration on which this case was tried was more favorable to the defendant than it would have been, had it been framed to meet defendant's contention.

Whether the plaintiff should have recovered depends upon whether or not he directed the driver of the truck to "go ahead," or the driver of the truck, knowing the plaintiff was in a dangerous position, carelessly and negligently moved the truck forward without warning, thus catching the plaintiff unaware and crushing him between the trailer and the truck. The evidence is directly and positively contradictory on this score, but the jury, evidently taking into consideration the physical facts, concluded the plaintiff's statements in this regard were true.

The trial judge evidently agreed with the jury and overruled a motion for new trial. Under the pleadings we are not warranted in reversing the judgment. It is, therefore, affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

BROWN, J., concurs specially.

BROWN, J .(concurring specially).—The result is the same, but I think this writ of error should be dismissed because of the failure to comply with Rule 20.